IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWMAN DIVISION

| | |
|---|---|
| KOJO KENYATTA BOSTIC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:08CR001-MEF |
| | )         (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by Kojo Kenyatta Bostic ("Bostic") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. # 127)

**I. INTRODUCTION**

Bostic was charged in a multi-count indictment with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344 (Count 1) and nine (9) substantive counts of bank fraud also in violation of 18 U.S.C. § 1344. On June 2, 2009, Bostic entered a guilty plea to Counts 4 and 10 - bank fraud. The government agreed to dismiss the remaining eight (8) counts.

At sentencing on August 4, 2009, over Bostic's objections, the district court imposed a 4-level leadership role enhancement in calculating Bostic's advisory guidelines range, and denied Bostic a reduction for acceptance of responsibility. The district court also considered as relevant conduct Bostic's involvement in the conduct charged in counts four, six and ten and calculated his guidelines sentencing range on a total loss in the amount of $140,488.70. After considering Bostic's advisory guidelines range and the 18 U.S.C. § 3553(a) factors, the district court imposed an 87-month sentence.

Bostic appealed, raising the following claims in the Eleventh Circuit:

1. Whether the government provided sufficient and reliable evidence establishing the loss amount pursuant to § 2B1.1(b)(1)(F) of the U.S.S.G.?

2. Whether the District Court erred in finding that Mr. Bostic was subject to a four level enhancement for being an organizer/leader pursuant to U.S.S.G. § 3B1.1(a)?

3. Whether the District Court abused its discretion when it failed to grant acceptance of responsibility?

*United States v. Bostic*, No. 09-14192, E-Brief, at 1 (11th Cir. 2010).

On July 1, 2010, the Eleventh Circuit Court of Appeals issued an opinion affirming Bostic's conviction and sentence. *United States v. Bostic*, 385 Fed. App'x 888 (11th Cir. 2010).

On April 12, 2011, Bostic, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 asserting the following grounds for relief:

1. Counsel was ineffective for failing to explain the direct consequences of allowing the court to make findings relating to relevant conduct.

2. Counsel was ineffective for failing to advise Petitioner that a guilty plea would not automatically entitle [him] to a reduction for acceptance of responsibility.

3. Counsel failed to call witnesses to show that Petitioner was not the leader/organizer of the scheme.

4. Counsel was ineffective for failing to request a downward departure under U.S.S.G. § 5K2.23 (discharged term of imprisonment - credit)

5. Counsel was ineffective by failing to call all co-defendants to account for

        relevant conduct and loss personally attributable to Petitioner.[1]

6.       The District Court imposed a sentence at the highest end of the guideline, failed to grant a reduction of acceptance of responsibility, failed to consider Petitioner's 18-months previously served, [and] held Petitioner accountable as "the" leader/organizer and all relevant conduct, based upon racial bias and personal discrimination by then-U.S. District Judge Jack T. Camp.

(Doc. # 127 at 5, 8, 9, and 15).

The Government maintains that Bostic's claims are without merit and consequently, he is not entitled to any collateral relief. *See* Doc. # 140. Bostic has replied in opposition to the Government's submissions. *See* Doc. # 142. After due consideration of Bostic's § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel Claims

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's

---

[1] Although Bostic raised this claim in his petition, in his reply to the government's response to his motion to vacate, Bostic acknowledges that this claim fails as a matter of law. "Petitioner now recognizes that this ground is fatally unavailable to him and that the Government's response, in quoting his plea agreement forecloses him from bringing such on 2255." (Doc. # 142 at 13).

unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

4

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

   **1.   Relevant Conduct claim**. Bostic first claims that his trial counsel rendered ineffective assistance of counsel by failing to properly explain to him "the Court's determination of relevant conduct as to the amount of loss would be incorporated into the total offense level and would be used to increase Petitioner's guideline range." (Doc. # 127 at 5) According to Bostic, he "believed he would be held accountable, in terms of sentence of imprisonment, only for the conduct committed in and admitted to in counts 4 & 10."[2] (*Id*.). The plea colloquy and plea agreement belie the petitioner's assertion.

> THE COURT: All right. Tell me what the basic terms of the plea agreement are. Not the standard terms. Just anything like what counts he is pleading to, anything that would be somewhat different in that plea agreement.
>
> MR. MCKINNON: Yes, sir. The counts are courts 4 and 10 of the indictment. I guess the primary thing that is different from our standard plea agreement is that there is no waiver of appeal in this plea agreement, pursuant to the agreement of the parties. And even the defendant is pleading guilty to only counts 4 and 10. The defendant agrees that he will pay restitution on the full amount of relevant conduct that the court finds in the sentencing phase of the trial, but there is no agreement as to what the restitution is at this stage.

---

[2] Bostic does not attack the voluntary and knowing nature of his guilty plea. *See United States v. Broce*, 488 U.S. 563 (1989); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992).

5

> THE COURT:       And I assume the guideline calculation would be based on relevant conduct.
>
> MR. MCKINNON: That is correct . . .

(Doc. # 119 at 4).

During the plea colloquy, the defendant admitted that he has an associate's degree in business management and that he was satisfied with the representation of his counsel.[3] (*Id* at 5 & 7). Bostic also acknowledged under oath that he read the plea agreement and he discussed the terms of the agreement with his attorney.[4] (*Id*. at 7). The plea agreement clearly stated that "[t]he Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a)." (Doc. # 95 at 3-4). The transcript of the change of plea hearing reflects that the district judge explained the role of the sentencing guidelines to Bostic. (*Id.* at 8-9). When asked if he understood the role of the guidelines in determining his sentence, Bostic answered yes. *Id*. Bostic's solemn declarations in regard to his plea agreement and his understanding of it and the applicability of the sentencing guidelines, made under oath, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

---

[3] In fact, Bostic offered that his attorneys "did an excellent job." (Doc. # 119 at 7).

[4] "Rule 11 of the Federal Rules of Criminal Procedure 'is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary.'" *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998) (quoting *McCarthy v. United States*, 394 U.S. 459, 465 (1969)). Before a court may accept a guilty plea, it must "determine that the defendant understands ... the nature of each charge to which the defendant is pleading." Fed.R.Crim.P. 11(b)(1)(G). The transcript of the plea colloquy reflects that the court followed the Rule 11 procedures.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). It therefore falls upon a petitioner alleging ineffective assistance in this context to establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. In other words, to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id*.

In an affidavit attached to his reply to the government's response, Bostic asserts that all his decisions were based on his counsel's advice, and he would have insisted on going to trial if he had been properly advised of his sentencing exposure. (Doc. # 142, Ex. 1 at 2). The court finds that Bostic fails to establish that his counsel's allegedly deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. In evaluating claims of ineffective assistance of counsel in the context of guilty pleas, a mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors, although required, is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990). The record reflects that Bostic, by his own choice, entered into a plea agreement that specifically addressed the relevant conduct the court would consider during sentencing. *See* Doc. # 95 at 3-4. Bostic was informed during the plea colloquy that the court

would consider the losses in other counts as relevant conduct for sentencing purposes. (Doc. # 119 at 4). Bostic stated under oath that he had read and understood the terms of his plea agreement, and that he had discussed the terms of the agreement with his counsel. Finally, during his sentencing, Bostic admitted that he was aware that the dismissed counts would be considered in calculating his sentence. *See* Doc. # 111 at 133 ("What I did is what I'm guilty of, those three counts, and the other count that I added in, which I discussed with my lawyer, count 6."). Under these circumstances, Bostic cannot show he had an objective basis for believing that his sentencing exposure, as far as the relevant conduct was concerned, would have been greater if he proceeded to trial and was convicted than it was by entering a plea of guilty with an agreement that addressed relevant conduct. Thus, this court rejects Bostic's suggestion that his counsel's advice about sentencing motivated him to forego a trial on the charges and to instead enter a plea of guilty.

For this reason and the reasons previously stated, Bostic is not entitled to any relief based on this claim of ineffective assistance of counsel.

**2.     Acceptance of Responsibility claim**. Bostic contends that his trial counsel was ineffective for failing to advise him that pleading guilty would not automatically entitle him to a reduction based on acceptance of responsibility. This claim is without merit because the plea agreement flatly contradicts his assertion.

<u>Acceptance of Responsibility</u>

> The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. *However, the Government will not be required to*

> *recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or **falsely attempt to minimize Defendant's involvement in relevant offense conduct**, give conflicting statements about Defendant's involvement, . . . the Government will not be required to recommend acceptance of responsibility.*

(Doc. # 95 at 4) (emphasis added). As previously noted, during the plea colloquy, Bostic acknowledged, under oath, that he read and understood the terms of the plea agreement. As with his previous claim, Bostic's assertion that he did not know that he was not guaranteed a reduction for acceptance of responsibility flies in the fact of the plea agreement.

Furthermore, while Bostic frames the issue as ineffective assistance of counsel, he raised the failure to receive the reduction as a substantive claim on direct appeal. The Eleventh Circuit decided the issue adversely to him.

> The guidelines provide for a two-level reduction when the defendant clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. § 3E1.1(a). Bostic bears the burden of showing entitlement to a reduction, and he "must present more than just a guilty plea." *[United States v.] Sawyer*, 180 F.3d [1319,] 1323 [(11th Cir. 1999)]. Although a guilty plea is significant evidence of acceptance of responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997); *see also* U.S.S.G. § 3E1.1, cmt. n. 1 and 3 (stating that a guilty plea is evidence of acceptance of responsibility only when that plea is combined with truthfully admitting conduct comprising the offense of the conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant was accountable under U.S.S.G. § 1.B1.3). Appropriate considerations in determining whether a defendant qualifies for the reduction include truthfully admitting the conduct comprising the offense of conviction, the timeliness of the defendant's conduct in accepting responsibility, and assistance to authorities in recovering the fruits of the offense. U.S.S.G. § 3E1.1, cmt. n. 1. Adjustment is not warranted where the defendant falsely denies relevant conduct. *Id.* cmt. n. 1(a).
>
> Here, we conclude from the record that the district court did not clearly err

9

> by denying Bostic a reduction for acceptance, because, although he entered a guilty plea and admitted some relevant conduct, he did not clearly demonstrate acceptance for accountable conduct. On the contrary, Bostic acted in a manner inconsistent with acceptance of responsibility by largely denying other relevant conduct and attempting to diminish his role in the offense.

*Bostic*, 385 Fed. Appx. at 891-92.

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *See Nyhuis*, 211 F.3d at 1343.

The Eleventh Circuit decided this claim adversely to Bostic. This means that to the extent Bostic bases his ineffective assistance of counsel claim on arguments the Eleventh Circuit has already determined to be without merit, this Court will not review, revisit, or otherwise disturb those determinations. This collateral proceeding is not a new trial. While this Court recognizes that Bostic did not present, and indeed was not required to present, his current ineffective assistance of counsel claims on appeal, to the extent the factual bases underlying his ineffective assistance claims were decided adversely to him on appeal, they will not be revisited here.

> [Bostic's] instant claim is nearly identical to a claim raised and rejected on direct appeal, and [Bostic] has not proffered, much less demonstrated, any change in circumstances which would merit re-litigation of the claim in this collateral proceeding. Simply stated, [Bostic's] attempt to couch this near identical claim as ineffective assistance of counsel adds nothing of substance which would justify a different result. *See Moss v. United States*, 2010 U.S. Dist. LEXIS 38648, at *44 (S.D.Fla. Mar. 3, 2010) (observing that a petitioner's attempt to disguise an

> adverse ruling on direct appeal as an ineffective assistance of counsel claim was impermissible in § 2255 motion); *See also Hobson v. United States*, 825 F.2d 364, 366 (11th Cir. 1987)(claim raised and considered on direct appeal precludes further review of the claim in a § 2255 motion), *vacated on other grounds*, 492 U.S. 913 (1989); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir.2000) ("Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255."); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981) (claims raised and disposed of in a previous appeal are precluded from reconsideration in a § 2255 proceeding).

*White v. United States*, 2011 WL 1130882, * 7 (S.D. Ala. Feb. 11, 2011)

Because Bostic's underlying substantive claim lacks merit, Bostic cannot demonstrate that counsel's performance was substandard or that he was somehow prejudiced.

**3. Leader/Organizer claim.** Bostic also challenges that his trial counsel's failure to call witnesses to demonstrate that he was not a leader or an organizer of the bank fraud scheme, and thus, the trial court should not have assessed a four-level enhancement to his sentence pursuant to U.S.S.G. § 3B1.1(a). *See* Doc. # 127 at 8. This is another instance in which Bostic frames the issue as ineffective assistance of counsel, but the underlying sentence enhancement claim was raised as a substantive claim on direct appeal, where it was also decided adversely to him.

> Here, Bostic does not dispute that the offense conduct involved five or more individuals, and the evidence supports the court's finding in this respect. The evidence also supports the court's finding that Bostic was the leader or organizer of the offense because the evidence demonstrates that he initiated the conspiracy, suggested that intermediaries recruit others, worked to ensure that participants complied with his instructions, and the evidence also shows that he received a larger portion of the profits compared to the other individuals. As a result, we conclude that the district court clearly err in applying a four-level enhancement under § 3B1.1.

*Bostic*, 385 Fed. App'x at 891.

Because Bostic's underlying substantive claim lacks merit, his counsel could not be ineffective for failing to failing to call witnesses in a effort to challenge a meritless claim.

More importantly, the sentencing transcript reflects that Bostic's trial counsel argued strenuously against the application of the four-point leader/organizer enhancement. *See* Doc. # 111 at 5-6, 114-124, 127-129). Counsel vigorously cross-examined the government's witnesses on this issue. Bostic's trial counsel clearly challenged the district court's application of the four-level enhancement.

Bostic argues that he could not be a leader/organizer because there was an individual supervising him - a woman who was his "boss/supervisor." *See* Doc. # 127 at 8. "[W]e know that there can be more than one leader or organizer. *See* USSG § 3B1.1, comment. (n.4)." *United States v. Lee*, — Fed. Appx. —, —, 2014 WL 2210581, *2 (11th Cir. May 29, 2014) (No. 13-13076). *See also United States v. Equennazi*, — F.3d —, 2014 WL 1978613 (11th Cir. May 16, 2014) (No. 11-15331) (same). "The defendant does not have to be the sole leader or kingpin of the conspiracy in order to be considered an organizer or leader within the meaning of the Guidelines." *United States v. Vallejo*, 267 F.3d 1154, 1169 (11th Cir. 2002). Thus, the existence of other leaders, bosses or supervisors does not in any way diminish Bostic's role in the scheme. At best, Bostic argues that the witnesses would have testified about the woman's leadership role, but he does not show that the testimony of the uncalled witnesses would have diminished his role. Bostic thus fails to suggest how he was prejudiced by his counsel's alleged failure to call witnesses to challenge the application of the four-level enhancement. Consequently, Bostic is not entitled to any relief based on his claim that his trial counsel

rendered ineffective assistance in this regard.

**4.     Downward departure under U.S.S.G. § 5K2.23**.  Bostic next contends that his counsel was ineffective for failing to request a downward departure under U.S.S.G. § 5K2.23. (Doc. # 127 at 9).

Pursuant to U.S.S.G. § 5K2.23, a district court may depart downward at sentencing "if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." U.S.S.G. § 5K2.23.  At the time that Bostic committed the instant offenses, he was on supervised release in an unrelated case.  It appears that Bostic is arguing that because his supervised release was revoked during the pendency of this case, he should have received a downward departure for the eighteen months he served on the revocation.[5]  (Doc. # 127 at 9).

---

[5] The exact nature of Bostic's claim in unclear.  However, at sentencing, Bostic argued to the sentencing judge as follows:

> This happened, as you know in 2003, and which at that time I was on federal probation for credit cards, which I did 18 months.  Now I've been incarcerated 15 months after being recognized in 2008 of last year that they had an indictment on me in reference to the Pike County charge that I thought had been dismissed.  I thought it was over with. And now, I stand before you again, this is what I'm standing for an indictment that was five, six years, six years ago.  So I did almost like three years in reference to this exact same charge.
> As I'm talking to you right now I really hate it because this has been a thorn in my side, truly has been a thorn in my side because here it is I did 18 months, now I'm back with you with 15 months and looking to get sentenced before you as I stand before you and everything.  But I know that's there – three – almost three years.

(Doc. # 134-35).

13

Bostic is simply incorrect in arguing that U.S.S.G. § 5K2.23 is applicable to him. In order to qualify for a downward departure under this provision, Bostic must also demonstrate that section 5G1.3 of the Sentencing Guidelines is met. This he fails to do. Section 5G1.3(b) provides as follows.

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from the offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b) (2002).

"The intended purpose of section § 5G1.3(b) is to effectively "credit[] for guidelines purposes" defendants who have already served time - generally in another jurisdiction - for the same conduct or course of conduct." *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994). In this case, between July 2002 and April 2003, Bostic was involved in a scheme to commit bank fraud by negotiating fraudulent, counterfeit or stolen checks by using others to deposit the checks into their bank accounts, and then withdrawing the deposited money.

Previously, in 2000, Bostic was convicted of theft or receipt of stolen mail and credit card fraud. He was sentenced to 15 months incarceration and three years of supervised release. On September 3, 2003, Bostic's supervised release was revoked and he served eighteen months. This conviction was considered in determining Bostic's criminal history. The conduct that formed the basis of the 2000 conviction was not treated as relevant conduct in this case. *See Flowers, supra*. While the underlying conduct in the 2000 conviction may have been similar conduct, it was not relevant conduct of the instant offense for the purpose of applicability of

14

U.S.S.G. § 5G1.3(b). Consequently, because Bostic did not qualify for an undischarged term of imprisonment departure, his counsel was not ineffective for failing to seek sentencing mitigation on this basis. Counsel is not ineffective for failing to raise a meritless claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Bostic is not entitled to any relief based on this claim.

## B. Claims of Racial Bias

Finally, Bostic argues that the trial judge was racially biased against him which resulted in him receiving an overly harsh sentence. According to Bostic, the trial judge's adverse rulings against him were all based on the judge's racial animosity towards African-American men. However, Bostic points the court to no specific facts in support of his claim.[6] The rulings about which Bostic complains as being racially motivated were upheld on appeal. *See Bostic*, *supra*. Although Bostic contends that his sentence at the high end of the guideline range was the result of racial bias, at sentencing, the trial judge explained in detail the reasons for his sentence.

> Mr. Bostic, in considering the – both the guideline calculation and the factors in 18 U.S.C. 3553(A), based on several factors, one is the extensive and regular commission of crimes throughout your adult life, and each being more or less – although there were some assaults and other charges there – most being theft or fraud or like theft or receipt of stolen mail, the fact that you committed the present offense while you were on supervised release for a previous federal offense and within two years of the theft or receipt of stolen mail offense, the fact that on each of your previous sentences you have violated your supervised release, and there were – which was revoked, you have had your probation revoked a number of times on a number of these other previous crimes.

---

[6] Bostic relies on a news release issued by the United States Attorney's Office about former United States District Judge Jack T. Camp. Contrary to Bostic's assertions, the news release does not establish that as sentencing judge, Camp was biased against him. The new release simply details information discovered by the United States Attorney's Office and its response to it.

>So I find that in order to promote some respect for the law, to afford adequate deterrence from your further criminal conduct and to protect the public from further crimes as the crimes you committed in the past, that a sentence of 87 months would be a reasonable sentence in your case. . . .

(Doc. # 111 at 138).

The court finds that Bostic has failed to come forward with any evidence that suggests that the trial judge was biased against him when sentencing him. Accordingly, Bostic's conclusory allegations are unsupported by any facts and are simply insufficient to warrant relief. *See generally Lynn v. United States*, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (hearing not required where claim is based on unsupported conclusory allegations).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Bostic be DENIED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 5, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 22nd day of July, 2014.

                                     /s/Charles S. Coody  
                                     CHARLES S. COODY  
                                     UNITED STATES MAGISTRATE JUDGE